BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Counsel to Plaintiff, David Appelbaum*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:

Neal W Serringer,

                Debtor.

Chapter 11

Case No. 24-36034 (kyp)

-----------------------------------------------------------X

David Appelbaum,

                Plaintiff

   -against-

Neal W. Serringer

                Defendant.

Adv. Pro. No. 25- (kyp)

-----------------------------------------------------------X

**COMPLAINT OBJECTING TO DISCHARGE**
**PURSUANT TO 11 U.S.C. §§ 727 (a)(2), (a)(3), (a)(4) and (a)(5)**

David Applebaum ("Plaintiff"), a creditor of the debtor herein, Neal W. Serringer (the "Debtor" or "Defendant"), by his counsel, the Bronson Law Offices, P.C., makes the following complaint against the Debtor in this Adversary Proceeding:

**JURISDICTION AND VENUE**

1. This adversary proceeding arises out of and relates to the chapter 7 bankruptcy case captioned *In re: Neal W. Serringer*, pending before the United States Bankruptcy Court for the Southern District of New York, case number 24-26034 (kyp) (the "Bankruptcy Case").

2.      This adversary proceeding is brought pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by this Application are section 105(a) of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") and Bankruptcy Rule 2004. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This adversary proceeding seeks the denial of a discharge pursuant to section 727 (a)(2), (a)(3) and (a)(4) of the Bankruptcy Code.

## THE PARTIES

5.      The Plaintiff is an individual residing in New York. The Defendant is the Debtor, Neal W. Serringer, an individual residing at 22 Reinheimer Road, Monroe, New York. The Debtor's schedules list general unsecured claims of $160,784.00, of which Plaintiff's claim is scheduled at $160,000.00. While the Plaintiff's claim is scheduled as a general unsecured claim, the basis for the claim is a money judgment, and so is in fact a secured claim.

## FACTUAL ALLEGATIONS

6.      On October 18, 2024, the Debtor filed a voluntary bankruptcy petition pursuant to chapter 7 of the Bankruptcy Code, along with schedules of assets and liabilities and a statement of financial affairs.

7.      Upon information and belief, the Debtor has not fully reported all income, assets or other beneficial interests

8.      Upon information and belief, the Debtor obtained undisclosed proceeds or distributions from an inheritance or is otherwise entitled to proceeds or distributions from an inheritance that were not disclosed. .

9. Upon information and belief the Debtor maintains an undisclosed beneficial interest in one or more parcels of real property that are putatively owned by an individual with whom the Debtor lives and is in a romantic relationship.

10. Upon information and belief, the Debtor maintains an undisclosed beneficial interest in one or more rental properties, including a house in Monroe, New York and a vacation house near Rehoboth Beach, Delaware.

11. Upon information and belief, Debtor receives undisclosed financial and other benefits from the rental income generated from one or more pieces of real property.

**COUNT ONE**
**Concealment of Property**
**Bankruptcy Code Section 727(a)(2)**

12. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

13. The Debtor is not entitled to a discharge because the Debtor, with intent to hinder, delay, or defraud the Plaintiff or the chapter 7 trustee, transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property within one year before the date of the filing of the petition or property of the estate after the filing of the petition. Accordingly, pursuant to Bankruptcy Code Section 727(a)(2), the Court should deny the Debtor a discharge.

**COUNT TWO**
**Concealment, destruction or falsification of books and Records**
**Bankruptcy Code Section 727(a)(3)**

14. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

15. The debtor, without justification under all of the circumstances of the case, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information,

including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained. These documents include but are not limited to, wills, codicils, deeds, bank records and financial statements. Accordingly, pursuant to Bankruptcy Code Section 727(a)(3), the Court should deny the Debtor a discharge.

### COUNT THREE
### False Statements/Oaths/Accounts
### Bankruptcy Code Section 727(a)(4)

16. Plaintiff incorporates reference all foregoing paragraphs as if fully restated here.

17. The debtor knowingly and fraudulently, in or in connection with the case made a false oath or account. Accordingly, pursuant to Bankruptcy Code Section 727(a)(4), the Court should deny the Debtor a discharge.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands: (1) judgement in Plaintiff's favor and against the Defendant denying the Debtor a discharge in the Bankruptcy Case pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4); (2) an award of costs in this action; and (3) such other relief in Plaintiff's favor deemed appropriate.

Dated: Harrison, NY
      Janaury 13, 2025

    BRONSON LAW OFFICES, P.C.:

    By: *H. Bruce Bronson*.
        H. Bruce Bronson, Esq.
        480 Mamaroneck Avenue
        Harrison, NY 10528
        (914) 827-5238 (tel.)

    *Counsel to David Appelbaum*