Law Office of Michael D. Pinsky, P.C.
463 Canopy Forest Drive
Saint Augustine, Florida 32092
Tel: (845) 467-1602
Fax: (845) 684-0547
Email: michael.d.pinsky@gmail.com
Michael D. Pinsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re:  Neal W. Serringer, | Chapter 7 |
| Debtor. | Case No. 24-36034 (KYP) |

------------------------------------------------------------x

| | |
|---|---|
| David Appelbaum, | |
| Plaintiff, | Adversary Proceeding |
| -vs- | No. 25-09000 (KYP) |
| Neal W. Serringer, | |
| Defendant. | |

------------------------------------------------------------x

**MOTION TO DISMISS PURSUANT TO RULES 7009 AND 7012(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Neal W. Serringer, Chapter 7 debtor and the defendant herein (the "Debtor"), now moves to dismiss this adversary proceeding pursuant to Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), incorporating Rules 9 and 12(b) of the Federal Rules of Civil Procedure (the "Civil Rules"), and respectfully shows as follows:

**A.  The Nature of the Complaint**

1.   The three (3) cause(s) of action in the complaint seek to bar the Debtor's discharge by asserting legal conclusions that simply track the language of subsections (a)(2), (a)(3) and (a)(4) of § 727 of title 11 United States Code (the "Bankruptcy Code"). These mere legal conclusions

1

are supported only by general averments "on information and belief" in paragraphs 6 through 11 of the Complaint. Those averments fail to "contain sufficient factual matter, [which, when] accepted as true, . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, infra at ¶ 5, below.

2.  Furthermore, each of the allegations of misconduct pursuant to Bankruptcy Code § 727 sounds in fraud: (a)(2) ". . . with the intent to hinder, delay or defraud . . ."; (a)(3) " . . . concealed, destroyed, mutilated, falsified, or failed to keep and preserve . . ."; and (a) (4) " . . . knowingly and fraudulently . . .."

3.  Each of the alleged forms of misconduct in the Complaint sounds in fraud because " . . . the claim[s] arose out of events that the pleading describes in terms of fraud or the pleading includes a claim based on fraud, and the non-fraud claim incorporates the fraud allegations." *Official Committee of Unsecured Creditors of Grumman Olson Indus., Inc. v. McConnell* (*In re Grumman Olson Indus., Inc.*), infra at ¶ _, below.

4.  Despite having alleged conduct sounding in fraud, the Complaint fails to assert facts supporting those allegations with the particularity required by Bankruptcy Rule 7009, incorporating Civil Rule 9(b).

**B.  The Complaint Fails to State a Claim Upon Which Relief May Be Granted**

5.  Viewed in the light most favorable to the plaintiff, the complaint does not plead any facts supporting a cause of action upon which relief may be granted.

> Under Rule 12(b)(6) of the Federal Rues of Civil Procedure, made applicable in bankruptcy cases by Bankruptcy Rule 7012(b), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*citing Bell Atlantic Corp. v.*

2

>    *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
>    (2007)). While "'a court must accept as true all [factual] allegations
>    contained in a complaint,' [it] need not accept 'legal
>    conclusions.'" *Wells Fargo Bank, Nat. Ass'n v. Kokolis*, No. 12-cv-
>    2433 (DLI)(JO), 2013 U.S. Dist. LEXIS 31070, 2013 WL 789448
>    at \*2 (E.D.N.Y. 2013) (*citing Iqbal*, 556 U.S. at 678).

*Yankowitz Law Firm v. Tashlitsky (In re Tashlitsky)*, 492 B.R. 640, 644 (Bankr. E.D.N.Y. 2013).

6. The Complaint fails to state a cause of action to bar Debtor's discharge that is plausible on its face. Accordingly, the Complaint must be dismissed.

**B.  The Complaint Fails to Comply with Pleading Requirements of Civil Rule 9 and Bankruptcy Rule 7009**

7. The Complaint fails to allege facts in support of any of its three (3) counts that give rise to a strong inference of fraudulent intent.

8. Bankruptcy Rule 7009 and Civil Rule 9, Pleading Special Matters, require the plaintiff to allege fraud with particularity.

>    "Federal Civil Rule 9(b) requires the plaintiff to plead fraud with
>    particularity. Although *scienter* may be pleaded generally, the
>    pleader must "allege facts that give rise to a strong inference of
>    fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124,
>    1128 (2d Cir. 1994) (citations omitted). Finally, even when fraud is
>    not an element of the claim, the allegations must satisfy FED. R.
>    CIV. P. 9(b) if the claim sounds in fraud. *See Rombach v. Chang*,
>    355 F.3d 164, 171 (2d Cir. 2004) ("Rule 9(b) . . . is not limited to
>    allegations styled or denominated as fraud or expressed in terms of
>    the constituent elements of a fraud cause of action.") "Generally, a
>    non-fraud claim will 'sound in fraud' if the claim arose out of
>    events that the pleading describes in terms of fraud or the pleading
>    includes a claim based on fraud, and the non-fraud claim
>    incorporates the fraud allegations." *Official Committee of
>    Unsecured Creditors of Grumman Olson Indus., Inc. v.
>    McConnell* (*In re Grumman Olson Indus., Inc.*), 329 B.R. 411, 429
>    (Bankr. S.D.N.Y. 2005); *accord Levy v. Young Adult Inst., Inc.*,
>    103 F. Supp. 3d 426, 442 (S.D.N.Y. 2015); *see Xpedior Creditor
>    Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F.Supp.2d 258,
>    269 (S.D.N.Y.2004) ("A claim sounds in fraud when, although not
>    an essential element of the claim, the plaintiff alleges fraud as an

3

integral part of the conduct giving rise to the claim.")."

*Mills v. Caisse (In re Caisse)*, 568 B.R. 6, 11-12 (Bankr. S.D.N.Y. 2017).

9. Plaintiff having failed to plead Debtor's alleged conduct with particularity, the Complaint should be dismissed.

## Conclusion

10. The Complaint simply restates three of the statutory grounds from Bankruptcy Code § 727 for denying a discharge. It does so without pleading facts that, on their face, make out a plausible case to deny discharge. Accordingly, the Complaint fails to state a claim upon which relief can be granted. Furthermore, the Complaint fails to plead specific facts with particularity for conduct that is alleged to be in the nature of fraud.

11. Having failed to state a claim, much less a claim sounding in fraud, the Complaint must be dismissed.

12. No prior request has been made for the relief sought in this motion.

13. As the authority for the relief requested is adequately set forth above, Debtor respectfully requests that a separate memorandum of law not be required.

Dated: Saint Augustine, Florida
       March 3, 2025

>                          Law Office of Michael D. Pinsky, P.C.
>
>                    By:   /s/ Michael D. Pinsky
>                          Attorney for Debtor
>                          463 Canopy Forest Drive
>                          Saint Augustine, Florida 32092
>                          Tel: (845) 467-1602
>                          Fax: (845) 684-0547
>                          Email: michael.d.pinsky@gmail.com