BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Counsel to Plaintiff, David Applebaum*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:

Neal W Serringer,

                    Debtor.

------------------------------------------------------------X

David Appelbaum,

                    Plaintiff

   -against-

Neal W. Serringer

                    Defendant.

------------------------------------------------------------X

Chapter 11

Case No. 24-36034 (kyp)

Adv. Pro. No. 25-09000 (kyp)

## OBJECTION TO MOTION TO DISMISS COMPLAINT

David Applebaum ("Applicant"), a creditor of the debtor herein, Neal W. Serringer (the

"Debtor"), by his counsel, the Bronson Law Offices, P.C., submits this objection to the *Motion to*

*Dismiss pursuant to Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure* (the

"Motion") and in support thereof respectfully states the following:

### RELEVANT BACKGROUND

1.     The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on

October 18, 2024.  The Debtor is an individual.  The Debtor's petition scheduled $9,796 of priority

unsecured claims, no secured claims and $160,784 of general unsecured claims.  Of the $160,784 of

general unsecured claims, Applicant's claim is scheduled at $160,000, comprising 99.5% of all

general unsecured claims.

2.       Plaintiff filed a complaint (the "Complaint") objecting to the Debtor's discharge on

January 13, 2025.

3.       As plead in the Complaint, upon information and belief, Applicant believes that the

Debtor may not have fully reported all income, assets or other beneficial interest.

**A.  The Complaint Sufficiently Pleads Fraud.**

4.       The Complaint states facts sufficient to plead fraud in that it specifically refers to (1)

the undisclosed Debtor's inheritance, (2) properties held by the Debtor in LLCs, (3) undisclosed

beneficial interests in properties located in Monroe, New York and a vacation house in Rehoboth

Beach, Delaware and (4) the use of the Debtor's romantic partner to hide assets.

5.       The nature of the Debtor's fraud in concealing and hiding his assets makes it such

that it is difficult for Plaintiff without discovery to have more complete information.

6.        However, these facts stated are sufficient. Plaintiff's complaint, taking all its factual

allegations as true, provides the Defendant with notice sufficient to enable him to put forth a defense.

*Sculler v. Rosen (In re Rosen)*, 132 B.R. 679, 682 (Bankr. E.D.N.Y. 1991).

7.       The Debtor can easily ascertain from the Complaint his fraudulent actions that are

identified.

8.       Accordingly, the Complaint sufficiently pleads fraud.

**B.  The Complaint States A Claim Upon Which Relief Can Be Granted.**

9.       The specific fraud alleged in the Complaint clearly states a claim for each of the

causes of action in the complaint.

10.     The Debtor is apprised of what false statements and what records and property he concealed, by the description in the complaint of how he received it by inheritance, the locations of the properties, and the person, his romantic partner or entities being the LLCs with which the fraudulent transfers were made.

11.      Notwithstanding, if the Complaint is insufficient:

> Federal Rule of Civil Procedure 15(a), as adopted by **Bankruptcy** Rule 7015, provides that the court should grant leave to amend "freely . . . when justice so **requires**." Bankr. R. 7015(a). The decision to grant leave to amend is within the discretion of the court, but refusal to grant leave must be based on a valid ground.

*Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991); *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir. 1990) (quoting 2A Moore's Federal Practice para. 12.14, at 12-99 (2d ed. 1989)) *In re Marceca*, 131 B.R. 774, 777 (Bankr. S.D.N.Y. 1991),

12.     Accordingly, the Plaintiff will file an amended complaint prior to the hearing on the Motion. A draft of the amended complaint is attached hereto as "**Exhibit A**".

WHEREFORE, for the reasons stated herein, the Plaintiff, David Applebaum, respectfully asks the Court to deny the Motion and grant such other relief that the Court deems appropriate.

Dated: Harrison, NY
      March 18, 2025

BRONSON LAW OFFICES, P.C.:

By:*/s/H. Bruce Bronson*
    H. Bruce Bronson, Esq.
    480 Mamaroneck Avenue
    Harrison, NY 10528
    (914) 827-5238 (tel.)

    *Counsel to David Applebaum*