BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Counsel to Plaintiff, David Appelbaum*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:

Neal W Serringer,

                    Debtor.

Chapter 11

Case No. 24-36034 (kyp)

-----------------------------------------------------------X

David Appelbaum,

                    Plaintiff

   -against-

Neal W. Serringer

                    Defendant.

Adv. Pro. No. 25-09000 (kyp)

-----------------------------------------------------------X

**VERIFIED AMENDED COMPLAINT OBJECTING TO DISCHARGE
PURSUANT TO 11 U.S.C. §§ 727 (a)(2), (a)(3), (a)(4) and (a)(5)**

David Applebaum ("Plaintiff"), a creditor of the debtor herein, Neal W. Serringer (the "Debtor" or "Defendant"), by his counsel, the Bronson Law Offices, P.C., makes the following complaint against the Debtor in this Adversary Proceeding:

**JURISDICTION AND VENUE**

1.     This adversary proceeding arises out of and relates to the chapter 7 bankruptcy case captioned *In re: Neal W. Serringer*, pending before the United States Bankruptcy Court for the Southern District of New York, case number 24-26034 (kyp) (the "Bankruptcy Case").

2. This adversary proceeding is brought pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by this Application are section 105(a) of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") and Bankruptcy Rule 2004. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This adversary proceeding seeks the denial of a discharge pursuant to section 727 (a)(2), (a)(3) and (a)(4) of the Bankruptcy Code.

## THE PARTIES

5. The Plaintiff is an individual residing in New York. The Defendant is the Debtor, Neal W. Serringer, an individual residing at 22 Reinheimer Road, Monroe, New York. The Debtor's schedules list general unsecured claims of $160,784.00, of which Plaintiff's claim is scheduled at $160,000.00. While the Plaintiff's claim is scheduled as a general unsecured claim, the basis for the claim is a money judgment, and so is in fact a secured claim.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

6. On October 18, 2024, the Debtor filed a voluntary bankruptcy petition pursuant to chapter 7 of the Bankruptcy Code, along with schedules of assets and liabilities and a statement of financial affairs.

7. A true and correct copy of the Debtor's bankruptcy petition is attached hereto as "Exhibit A".

8. Upon information and belief, the Debtor has not fully reported all income, assets or other beneficial interests as required on his bankruptcy petition.

9. A true and correct copy of the Debtor's divorce agreement and order (the "agreement") is attached hereto as "Exhibit B".

10. The Agreement states that the Debtor took over the sole interest in the entity known as North River Studios Inc.

11. A search of the department of state records conducted by undersigned counsel on March 21, 2025, shows the entity as active.

12. A true and correct copy of the entity information from the search of New York Department of State is attached hereto as "Exhibit C".

13. The Debtor failed to disclose this entity as required on his bankruptcy filing in the schedules and statement of financial affairs.

14. Upon information and belief, the Debtor obtained undisclosed proceeds or distributions from an inheritance or is otherwise entitled to proceeds or distributions from an inheritance that were not disclosed.

15. The Debtor's father Richard Serringer passed away on August 3, 2019. See obituary attached as "Exhibit D".

16. Upon Information and belief the Debtor was the beneficiary of the Richard Serringer Living Trust.

17. Property records demonstrate that the property located at 47 Cromwell Hill Rd. Monroe, NY was transferred in 2019 to the Richard Serringer Living Trust and then sold by the trust in 2020 for $290,000.

18. A true and correct copy of the property records is attached hereto as "Exhibit D"

19. Upon information and belief this was a fraudulent transfer by the Debtor.

20. Upon information and belief the proceeds of this sale were not accounted for by the Debtor.

3

21.   Upon information and belief the Debtor maintains an interest in these proceeds.

22.   Neither the trust, the property, nor the sale were disclosed on the Debtor's bankruptcy petition.

23.   Upon information and belief the Debtor maintains an undisclosed beneficial interest in one or more parcels of real property that are putatively owned by undisclosed corporations and or Beth Gottlieb.

24.   Upon information and belief Beth Gottlieb is for all intents and purposes the Debtor's spouse, however, they are not married for the sole purpose of hiding assets.

25.   Upon information and belief, the Debtor maintains an undisclosed beneficial interest in one or more rental properties, including a house in Monroe, New York and a vacation house in or near Rehoboth Beach, Maryland.

26.   Upon information and belief, Debtor receives undisclosed financial and other benefits from the rental income generated from one or more pieces of real property.

27.   Upon information and belief the Debtor provided falsified tax returns and inaccurate income information to the Supreme Court of the State of New York in connection with his child support obligation.

28.   A true and correct copy of the information provided by the Debtor in connection with this child support obligation is attached hereto as "Exhibit E".

29.   Upon information and belief the Debtor has a history of refusing to submit accurate financial information.

30.   Upon information and belief the Debtor was threatened with contempt in his divorce proceedings due to his failure to submit financial information.

31.   Upon information and belief the Debtor is now subject to court supervision due to non-payment of court ordered child support.

4

32. Upon information and belief the Debtor lost his claim on the marital home due to non-payment of court ordered child support.

## COUNT ONE
### Concealment of Property
### Bankruptcy Code Section 727(a)(2)

33. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

34. The Debtor is not entitled to a discharge because the Debtor, with intent to hinder, delay, or defraud the Plaintiff or the chapter 7 trustee, transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property within one year before the date of the filing of the petition or property of the estate after the filing of the petition.

35. Accordingly, pursuant to Bankruptcy Code Section 727(a)(2), the Court should deny the Debtor a discharge.

## COUNT TWO
### Concealment, destruction or falsification of books and Records
### Bankruptcy Code Section 727(a)(3)

36. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

37. The debtor, without justification under all of the circumstances of the case, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained. These documents include but are not limited to, wills, codicils, deeds, bank records and financial statements.

38. Accordingly, pursuant to Bankruptcy Code Section 727(a)(3), the Court should deny the Debtor a discharge.

## COUNT THREE
### False Statements/Oaths/Accounts
### Bankruptcy Code Section 727(a)(4)

39. Plaintiff incorporates reference all foregoing paragraphs as if fully restated here.

40. The debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

41. Accordingly, pursuant to Bankruptcy Code Section 727(a)(4), the Court should deny the Debtor a discharge.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands: (1) judgement in Plaintiff's favor and against the Defendant denying the Debtor a discharge in the Bankruptcy Case pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4); (2) an award of costs in this action; and (3) such other relief in Plaintiff's favor deemed appropriate.

Dated: Harrison, NY
March 24, 2025

BRONSON LAW OFFICES, P.C.:

By: /s/H. Bruce Bronson
H. Bruce Bronson, Esq.
480 Mamaroneck Avenue
Harrison, NY 10528
(914) 827-5238 (tel.)

*Counsel to David Appelbaum*

## VERIFICATION

STATE OF _____           )
                             ) ss:
COUNTY OF _____     )

Susannah Appelbaum, being duly sworn, each individually deposes and says:

1. I am the daughter of Neal Serringer the named Plaintiff and I am authorized by the named Plaintiff to verify the facts alleged in this action.

2. I have read the foregoing Amended Complaint, know the contents thereof, and believe them to be true to the best of my knowledge, except as to those matters stated on information and belief, and to those matters, I believe them to be true.

_____

Susannah Appelbaum

Subscribed and sworn to before me by the individuals indicated above,

this _____day of _____, 2025:

_____

Notary Public