# EXHIBIT

# B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

========================================================

SUSANNAH SERRINGER,                                Index No. 2013-886
SSN: 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

                              Plaintiff,

        -against-                                  **DIVORCE JUDGMENT**

NEAL SERRINGER,
SSN: 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

                              Defendant.                    FILED

========================================================

**PRESENT:   HON. MICHAEL H. MELKONIAN, JSC**            NOV 2 4 2015
             **ACTING JUSTICE SUPREME COURT**
                                                      NINA POSTUPACK
                                                      ULSTER COUNTY CLERK

        The Plaintiff, by her attorney Jacqueline T. Martin, Esq., having brought this action

for a judgment of absolute divorce by reason of the irretrievable breakdown of the parties'

relationship for a period of six or more months, and service of the Summons bearing the

notation **Action for Divorce** having been personally served upon Defendant, and

Defendant having appeared in this action by Jon A. Simonson, Esq., and Defendant having

served an Answer and Counterclaim by which he also sought a divorce on the ground of

the irretrievable breakdown of the parties' relationship for a period of six months or more,

and the parties having entered into a Marital Agreement dated, July 1, 2015, acknowledged

in the form required by Domestic Relations Law §236, pursuant to which the parties

resolved all matters relating to the equitable distribution of marital property, the payment

of debts, maintenance, the custody and support of the children, and other issues arising by

reason of the parties' marriage, and Plaintiff having signed an Affidavit by which she

consented to the issuance of a judgment of divorce on the ground alleged in Defendant's

Answer and Counterclaim, and Court having searched the statewide registry of orders of

protection, the sex offender registry and the Court's child protective records, and the Court

having considered and relied upon the results of these searches in making this Order, I

decide and find as stated in the separate FINDINGS OF FACT AND CONCLUSIONS OF

LAW of even date herewith

        *NOW* on motion of Jon A. Simonson, Esq., attorney for Defendant it is

ITCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

**ADJUDGED** that the marriage between *SUSANNAH SERRINGER*, Plaintiff and *NEAL SERRINGER*, Defendant is dissolved by reason of the irretrievable breakdown of the parties' relationship for a period of six or more months, and it is further

**ORDERED, ADJUDGED and DECREED** that the Marital Agreement entered into between the parties on the 1st day of July, 2015, a copy of which is annexed hereto as Exhibit A, shall be incorporated, but shall not merge within this Judgment, and the parties hereby are directed to comply with every legally enforceable term and provisions of such Agreement, including any provisions to submit an appropriate issue to arbitration before a single arbitrator, as if such term or provision were set forth in its entirety herein, and it is further

**ORDERED, ADJUDGED and DECREED** that the parties shall have joint legal custody of the minor children of the marriage, to wit: Harper L. Serringer (born January 23, 2003; SSN: 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) and Henry O. Serringer (born July 29, 2007; SSN: 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). The Plaintiff shall have primary physical custody, subject to the custodial rights of the Defendant as contained in the Marital Agreement of July 1, 2015; and it is further

**ORDERED, ADJUDGED and DECREED** that the Plaintiff shall consult with the Defendant regarding major decisions to be made relating to the children except in the case of an emergency when consultation is not reasonably possible. After such consultation and after considering the Defendant's recommendations, if any, the Plaintiff shall have final decision making authority; and it is further

**ORDERED, ADJUDGED and DECREED** the Defendant shall pay to the Plaintiff as support for the issue of the marriage the sum of $1,096.00 per month. Commencing with the payment due on the first day of the month after the date of this Judgment, child support shall be paid through the Ulster County Support Collection Unit; and it is further

**ORDERED, ADJUDGED and DECREED** that neither party will pay maintenance to the other; and it is further

**ORDERED, ADJUDGED and DECREED** that pursuant to the Marital Agreement and an Addendum thereto, the parties complied with the requirements of Domestic Relations Law §255, and acknowledged their understanding that "upon the entrance of this divorce agreement, I may no longer be allowed to receive health coverage

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

under my former spouse's health insurance plan. I may be entitled to purchase health insurance on my own through a COBRA option, if available, otherwise I may be required to secure my own health insurance"; and it is further

**ORDERED, ADJUDGED and DECREED** that the parties are not seeking equitable distribution, other than what was already agreed to in the Marital Agreement dated July 1, 2015 and annexed hereto, with the understanding that they may each be prevented from further asserting any right to equitable distribution in the future; and it is further

**ORDERED, ADJUDGED and DECREED** that Plaintiff's counsel shall, within seven (7) days of the date hereof, send the appropriate form and a copy of this Judgment to State Case Registry, Box 15101, Albany, New York 12212-5101, and confirm by copy of cover letter to this Court and it is further

**ORDERED, ADJUDGED and DECREED** that each of the parties is authorized to resume the use of his or her pre-marriage surname pursuant to Domestic Relations Law §240-a. to wit: Susannah Appelbaum.

EACH PARTY HAS A RIGHT TO SEEK A MODIFICATION OF THE CHILD SUPPORT ORDER UPON A SHOWING OF: (I) A SUBSTANTIAL CHANGE IN CIRCUMSTANCES; OR (II) THAT THREE YEARS HAVE PASSED SINCE THE ORDER WAS ENTERED, LAST MODIFIED OR ADJUSTED; OR (III) THERE HAS BEEN A CHANGE IN EITHER PARTY'S GROSS INCOME BY FIFTEEN PERCENT OR MORE SINCE THE ORDER WAS ENTERED, LAST MODIFIED, OR ADJUSTED. **HOWEVER, IF THE PARTIES HAVE SPECIFICALLY OPTED OUT OF SUBPARAGRAPH (II) OR (III) OF THIS PARAGRAPH IN A VALIDLY EXECUTED AGREEMENT OR STIPULATION, THEN THAT BASIS TO SEEK MODIFICATION DOES NOT APPLY.**

Dated: ___11/12_____, 2015
Kingston, New York

_____
HON.  MICHAEL H. MELKONIAN
*ACTING JUSTICE SUPREME COURT*

3 FILED
H /6 M

NOV 2 4 2015

NINA POSTUPACK
ULSTER COUNTY CLERK

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

# MARITAL AGREEMENT BETWEEN

**NEAL SERRINGER**
**59 South Main Street**
**Harriman, New York 10926**

**SUSANNAH SERRINGER**
**360 Springtown Road**
**New Paltz, New York 12561**

Prepared by: BLATCHLY & SIMONSON, P.C.
Attorneys for Neal Serringer
3 Academy Street
**P.O. Box 280**
**New Paltz, NY 12561**

**Date:    ~~June~~ July 1 , 2015**

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

i

# TABLE OF CONTENTS

ARTICLE 1          Introduction

ARTICLE 2          Separation

ARTICLE 3          Personalty & Liquid Assets

ARTICLE 4          Realty

ARTICLE 5          Pensions & Employee Benefits

ARTICLE 6          Maintenance

ARTICLE 7          Custody

ARTICLE 8          Support

ARTICLE 9          Insurance

ARTICLE 10         Debts

ARTICLE 11         Taxes

ARTICLE 12         Estates

ARTICLE 13         Default

ARTICLE 14         Disclosure

ARTICLE 15         Representation

ARTICLE 16         Order of Protection

ARTICLE 17         Other Provisions

ITCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 200
PALTZ, NEW YORK 12561

## ARTICLE 1: INTRODUCTION

1.1    **Parties:**    This agreement is entered into by NEAL SERRINGER, hereinafter "HUSBAND", and SUSANNAH SERRINGER, hereinafter "WIFE".

1.2    **Date:** The date of this agreement shall be the date of the last signature affixed thereto.

1.3    **Purpose:**    The purpose of this agreement is to provide for the distribution of marital assets of the parties, and to make equitable arrangements for custody, support, maintenance and other matters relating to the marriage of the parties.

1.4    **Compliance with Domestic Relations Law:**    By    entering    into    this agreement the parties specifically and expressly acknowledge that they mutually waive the provisions of Domestic Relations Law Section 236. This agreement shall constitute an "Opting-Out" agreement pursuant to which the parties request that the court, in any contemporaneous or subsequent matrimonial proceeding, incorporate the terms of this agreement into any judgment to be issued, without merging the provisions of this agreement into said judgment, in lieu of making independent determinations with respect to equitable distribution and all other issues addressed in this agreement.

1.5    **Marriage Date:** The parties herein were married on September 29, 2001 in Rosendale, New York.

1.6    **Children:** The parties have two children, to wit:    HARPER L. SERRINGER (born January 23, 2003) and HENRY O. SERRINGER (born July 29, 2007), and no other children are expected.

1.7    **Statutory Factors:** In determining the equitable distribution of their marital property, the parties have considered the following factors:

A. Income and property of each party at the time of marriage and at the time of making this agreement;

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

3

B. Duration of the marriage and the age and health of both parties;

C. The need of a custodial parent, if any, to occupy or own the marital residence and to use or own its household effects;

D. The loss or waiver of any inheritance or pension rights by virtue of this Agreement, or upon dissolution of the marriage, as of the date of dissolution;

E. Any provision for spousal maintenance payments to either party to this Agreement;

F. Any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by either party, whether having title or not, including the joint efforts or expenditures and contributions and services rendered by either party as spouse, parent, wage earner or homemaker, and to the career or career potential of the other party;

G. The liquid or non-liquid character of all marital property;

H. The probable future circumstances of each party;

I. The impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or profession, and the economic desirability of retaining such asset intact and free from any claim or interference by the other party.

J. Any distributive or deferred award or payments to either party provided for in this Agreement or which might have otherwise been awarded by any court of competent jurisdiction; and

K. Any other factor deemed by the parties to be just and proper under the circumstances of their marriage and its future dissolution.

1.8    **Financial Disclosure:**    The parties represent and warrant that they have made a full and complete disclosure of their income, assets and financial affairs to the other. The parties understand that instead of entering into this Agreement they have a right to proceed with litigation and seek a judicial determination of the issues covered by this Agreement but, notwithstanding such right, the parties desire to

ITCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

4

avoid the delay, expense and risk of litigation and they believe that their interests will be better served by the terms and provisions of this Agreement.

1.9 **Representation of WIFE:** By entering into this Agreement, the WIFE acknowledges that she has in no way relied upon any attorney certification of any factual submission or submissions, financial or otherwise, made by the HUSBAND'S attorney. The WIFE acknowledges her understanding that any such attorney certification was made by the HUSBAND'S attorney solely and exclusively to the Court and may not and should not be relied upon by the WIFE in assessing the credibility of the submission or in deciding whether or on what terms to settle this matter. The WIFE further understands that she would have entered into this settlement on precisely the same terms even in the absence of any attorney certification by the HUSBAND'S attorney.

1.10 **Representation of HUSBAND:** By entering into this Agreement, the HUSBAND acknowledges that he has in no way relied upon any attorney certification of any factual submission or submissions, financial or otherwise, made by the WIFE'S attorney. The HUSBAND acknowledges his understanding that any such attorney certification was made by the WIFE'S attorney solely and exclusively to the Court and may not and should not be relied upon by the HUSBAND in assessing the credibility of the submission or in deciding whether or on what terms to settle this matter. The HUSBAND further understands that he would have entered into this settlement on precisely the same terms even in the absence of any attorney certification by the WIFE'S attorney.

1.11 **Complete Agreement:** The parties represent and warrant that they have carefully read and understand the terms and conditions of this Agreement. The Agreement is in full and complete settlement of the matrimonial action entitled SUSANNAH SERRINGER, Plaintiff, against NEAL SERRINGER, Defendant,

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

5

pending in the Supreme Court of the State of New York, County of Ulster, under Index No. 2013-886.

**1.12    Consultation with Attorneys, Accountants and other Experts:**    The parties represent to each other that they had the opportunity to consult and have consulted with and were advised by counsel of their own choosing and that they have also had the opportunity to consult with an accountant, real estate appraiser or other expert with respect to their rights and obligations prior to the execution of this Agreement.

**1.13    Voluntary Agreement:**    The parties represent and warrant to each other that they have carefully read and understand the within Agreement in its entirety; they are fully cognizant of all the provisions thereof; and they have voluntarily and freely, without duress, fear or coercion, decided to execute this Agreement.

## ARTICLE 2: SEPARATION AND LIVING APART

**2.1    No Interference:**    It shall henceforth be lawful for each of the parties to live separately and apart from the other, to continue to live separate and apart, free from interference, authority or control, directly or indirectly, by each other, as fully as if they were unmarried. Each party may reside at such place or places as he or she may select, subject to the provisions hereof. Each party may conduct and engage in any employment, profession, business or trade which to such party may in his or her opinion seem advisable.

**2.2    No Cohabitation:**    Neither party shall attempt to compel the other to cohabit or dwell with him or her by any action or proceeding for restoration of conjugal rights or by any means whatsoever.

**2.3    No Molestation:**    Neither of the parties shall molest or annoy the other, or interfere in any way with the separate and independent life of the other. Neither party shall engage in any harassing conduct towards the other party.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

## ARTICLE 3: PERSONALTY & LIQUID ASSETS

3.1   **Disclosure of Assets:**   The parties have fully disclosed and discussed their marital and separate personal property and with the exception of any items set forth at the list annexed hereto as Schedule A, they have divided same to their mutual satisfaction. Except as set forth herein, all items of personal property shall henceforth be the sole and exclusive property of the person in whose possession they are at the time of the execution of this agreement.

3.2   **Time for Transfer:**   With respect to any items enumerated herein as items to be transferred pursuant to this agreement, the parties agree that within thirty days of the execution of this agreement the party possessing such items shall make arrangements to have such items available to be picked up by the party to acquire them at a mutually agreed time and place.

3.3   **Automobiles:**   The parties acknowledge that the 2008 Volvo XC 70 automobile has been repossessed as a result of unpaid installments on the debt relating to such vehicle. The Volvo debt is in the name of the HUSBAND. Neither party shall have the right to compel the other party to pay any part of the Volvo debt relating to the Volvo.

3.4   **Bank and Investment Accounts:**   Each party shall retain as separate property the bank and investment accounts now respectively titled in his or her name. The WIFE shall be named as custodian on off the children's accounts, and said accounts shall be used solely for the benefit of the children.

3.5   **Furniture & Miscellaneous Items:** Each party shall receive his/her respective closing, personal papers and items he/she owned before the marriage. Unless otherwise specified in this Agreement, the items described at <u>Schedule A</u> of this Agreement reflect all of the personal property to be exchanged between the parties and the items shall be received by the designated party within thirty days of

ITCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

7

the date of this Agreement. With regard to all other furniture, household furnishings and personal property items, the party currently having possession of such items shall retain the items as his or her separate property. As to any items that are to be received by the HUSBAND which are located in the residence of the WIFE, the HUSBAND shall arrange for a third party to come to the residence at a mutually convenient time and take possession of the items on behalf of the HUSBAND. It is understood that the HUSBAND shall not personally go into the residence of the WIFE for that purpose. The HUSBAND shall be permitted to personally remove items outlined in Schedule A attached hereto which items are located outside the residence, including the barn, in the following manner: The HUSBAND shall have one (1) month from the date of this Agreement, limited to ten (10) or less visits to the 360 Springtown Road property, to remove the items located in the barn as outlined on Schedule A. The HUSBAND shall provide the WIFE twenty-four (24) hour advance notice of the time and date he intends to come to the barn and remove the property therein contained on Schedule A. All advance notice shall be in writing and the parties agree that written communication includes but is not limited to text messages or emails. The consent of the WIFE is required, in writing, prior to the HUSBAND coming upon the property, which consent of the WIFE shall not be unreasonably withheld. The HUSBAND shall not have access to any other area besides the barn on the marital property, excepting the farm road where the dump trailer and ATV are located. The Husband shall remove the ATV and the dump trailer in its "full" and "as is" condition.

3.6     **Transfer of HUSBAND'S Interest in North River Properties, LLC:** All of the HUSBAND'S membership interest in North River Properties, LLC shall be conveyed to the WIFE, who thereafter shall be the sole member of that limited liability company. The HUSBAND shall cooperate in and execute a letter of resignation and any and all other documentation necessary to effectuate said

8

transfer.    All documentation shall be executed and delivered to the WIFE simultaneously with the delivery of the deeds relating to the real property as required by paragraph 4.2 of this Agreement. The WIFE shall not pay to the HUSBAND any monies for becoming the sole member of North River Properties, LLC nor shall she pay the HUSBAND any monies for the transfer of 360 and 362 Springtown Road, New Paltz, New York 12561. Similarly, the HUSBAND shall not pay any monies to the WIFE for the transfer of 37 Furnace Street and 219 Downs Street, Kingston, New York 12401 to the HUSBAND.

3.7    **Transfer of WIFE'S Interest in North River Studios, Inc.:**    All of the WIFE'S interest as a shareholder in North River Studios, Inc. shall be conveyed to the HUSBAND, who thereafter shall be the sole shareholder of that corporation. The WIFE shall cooperate in and execute a letter of resignation and any and all other documentation necessary to effectuate said transfer. All documentation shall be executed and delivered to the HUSBAND simultaneously with the delivery of the deeds relating to the real property as required by paragraph 4.2 of this Agreement.

3.8    **Royalties and Profits from Literary Works:**    The parties acknowledge that during the marriage the WIFE authored the literary works entitled (a) "The Hollow Beetle", (b) "The Shepard of Weeds" and (c) "The Tasters Guild" [which are cumulatively entitled "Poisons of Caux Trilogy"] and (d) "Divah".    Any royalties, profits or income by whatever source that is/are received from the marketing, sale, publication or distribution of said literary works or rights relating thereto for "Poisons of Caux Trilogy" shall be divided between the parties, such that the WIFE shall receive two-thirds and the HUSBAND shall receive one-third of all such payments, and for "Divah", such that the WIFE shall receive Eighty percent (80%) and the HUSBAND to receive Twenty percent (20%) of all such payments. The right of each party to receive this proportion of all payments shall continue, notwithstanding that the WIFE may provide additional services hereafter relating to

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

such literary works, including but not limited to performing re-writes, attending book signings or engaging in other marketing efforts. The HUSBAND has the right to have a third party professional, either an accountant or an attorney, confirm only the amount of royalties due to him for the Poisons of Caux Trilogy and Divah. The HUSBAND shall pay for one hundred (100%) percent of all expenses associated with the hiring of a third party professional without contribution from the WIFE.

3.9 **Sale of Camper:** The camper shall be repaired by the HUSBAND and cleaned to render it saleable. The HUSBAND shall have the right to remove the camper to a location convenient to the HUSBAND for repair and cleaning purposes. Within sixty days after taking possession of the camper, the HUSBAND shall return the camper to the property located at 362 Springtown Road, New Paltz, New York where it will again be stored pending sale. Both parties shall cooperate in the sale, and both must agree upon the sale price, with reasonable consent not to be withheld. Both parties shall have the right to consult with any prospective purchaser and review any documents relating to the sale to ensure that they are both fully aware of the sale terms. The net proceeds received from the camper sale shall be equally divided between the parties. The terms "net proceeds" shall be defined as the proceeds remaining after the costs associated with marketing the camper for sale are paid, including but not limited to advertising expenses and sale commissions due to any third party mutually selected by the parties to effect the sale.

3.10 **Hand Made Dining Room Table:** The dining room table that was hand-made by the HUSBAND and currently located at the residence of the WIFE shall be sold. Both parties shall cooperate in the sale, and both must agree upon the sale price, with reasonable consent not to be withheld. Both parties shall have the right to consult with any prospective purchaser and review any documents relating to the sale to ensure that they are both fully aware of the sale terms. The net proceeds received from the table sale shall be equally divided between the parties.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

The terms "net proceeds" shall be defined as the proceeds remaining after the costs associated with marketing the table for sale are paid, including but not limited to advertising expenses and sale commissions due to any third party mutually selected by the parties to effect the sale.

## ARTICLE 4: REAL PROPERTY

4.1    **Identification of Real Property:** The parties are the owners (in their own names or as equal members of North River Properties, LLC) of the following parcels of real property:

a)    the Marital Residence located at 360 Springtown Road, New Paltz, New York. This property has been appraised by Michael Bernholz, SRA at $600,000.00, and is encumbered by a consolidated mortgage debt held by M&T Bank in the approximate amount of $430,000.00.;

b)    the two unit rental property located at 362 Springtown Road, New Paltz, New York. This property has been appraised by Michael Bernholz, SRA at $194,000.00 and is encumbered by a mortgage debt held by Wells Fargo Bank in the approximate amount of $172,000.00;

c)    the two unit rental property located at 37 Furnace Street, Kingston, New York. This property has not been appraised. The tax assessment value of this property in 2014 was $116,000.00. The property is encumbered by a first mortgage debt held by Bank of America in the approximate amount of $32,000.00 and a home equity line of credit second mortgage debt held by Wells Fargo in the approximate amount of $98,000.00;

d)    the two unit rental property located at 219 Downs Street, Kingston, New York. This property has not been appraised. The tax assessment value of this property in 2014 was $112,000.00. The property is encumbered by a first mortgage debt held by Philippe F. Cosme in the approximate amount of $85,000.00.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

11

4.2     **Distribution of Real Property:**   The WIFE shall receive sole title to the properties located at 360 and 362 Springtown Road, New Paltz, New York.  At the election of the WIFE, either or both of these properties shall be titled in North River Properties, LLC.  The HUSBAND shall receive sole title to the properties located at 37 Furnace Street and 219 Downs Street, Kingston, New York.  All properties will be conveyed subject to the existing mortgage debts encumbering the respective parcels.  The HUSBAND shall cooperate with the WIFE and shall supply any documents referenced in a certain Letter issued to the parties by Bayview Loan Servicing and dated September 13, 2014, to the extent said documents are in the possession of the HUSBAND.  The HUSBAND shall sign with the WIFE the "710 Application" form referenced in said letter, if required by the lender.   Nothing contained herein shall obligate the HUSBAND (s) to pay any application fees or any other sums that may relate to either of the properties to be received by the WIFE, including but not limited to the mortgage debts, or (b) create any document requested by the lender as part of the loan work-out process that does not currently exist, provided however that if the HUSBAND does not have a document requested by the lender he or his attorney will provide a statement to that effect to the lender.  The parties shall execute deeds in recordable form, together with completed TP-584 forms, TP 5217 (Equalization and Assessment) forms, and other documents reasonably required for recording, in order to vest the property titles solely in the name of the party entitled thereto.  The deeds and other documents required for recording shall be prepared by the party to receive sole title at such party's expense, and the party to receive sole title shall pay all recording and other charges associated with such deed. The deeds and other documents referenced under this Article shall delivered simultaneously by the parties at a closing to be held within ten days after this Agreement shall be fully signed, or at such other time as the parties may mutually agree upon.

SIMONSON
: AT LAW
STREET
: 280
/ YORK 12561

12

4.3     **Distribution of Real Property In Satisfaction of Child Support Arrears:**
The parties acknowledge that the equity held in the 360 and 362 Springtown Road
properties is offset against the equity held in the 37 Furnace Street and 219 Downs
Street properties and the child support arrears which accumulated pursuant to the
April 26, 2013 "So Ordered" stipulation entered into in the parties' matrimonial
action. The WIFE is receiving this distribution of equity in full satisfaction of all
child support arrears that would otherwise have been due to her through October 31,
2014 under the terms of a Stipulation placed upon the record of the ulster County
Supreme Court on April 26, 2013 and all child support Orders thereafter issued by
the Court. Pursuant to Article 8 of this Agreement, a new rate of child support has
been made effective commencing November 1, 2014.

4.4     **Rents, Security Deposits and Rental Records:** The parties agree that under
the terms of Orders in effect prior to the settlement of the parties' matrimonial
action, the HUSBAND collected the rents that became due for the 362 Springtown
Road property and the 37 Furnace Street and 219 Downs Street properties from
April 26, 2013 through October 31, 2014. The rents due and payable for the 362
Springtown Road property on and after November 1, 2014 shall be the sole property
of the WIFE and the WIFE acknowledges that she has been receiving all tenant
rental payments for such property due on and after November 1, 2014. There shall
be no adjustment between the parties for any security deposits either party received
on account of any tenancies existing at any of the properties. The party receiving a
property under this Agreement shall assume all liabilities to the tenants of that
property regarding security deposits. The WIFE shall indemnify and defend the
HUSBAND against any claims raised by tenants of the 362 Springtown Road
property and the HUSBAND shall indemnify and defend the WIFE against any
claims raised by tenant of the 37 Furnace Street and 219 Downs Street properties.

.TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

The HUSBAND shall continue to collect the rents due and to become due for the 37 Furnace Street and 219 Downs Street properties.

There is currently an outstanding Central Hudson Electric bill for unpaid electric from December of 2014 through April of 2015 for the apartment in the name of Mr. Papia in the premises known as 37 Furnace Street, Kingston, New York. The amount of the unpaid bill was transferred to the joint account held by Sussanah and Neal Serringer for the property located at 360 Springtown Road, New Paltz, New York. The electric charges accrued during a period in which Mr. Serringer was collecting and retaining the rents from 37 Furnace Street. Ms. Serringer was successful in separating the aforesaid $830.43 amount due Central Hudson from the residence in which she currently resides located at 360 Springtown Road, New Paltz. The account in which the $830.43 remains is a joint account in the name of Susannah and Neal Serringer. Additional interest and or penalties will continue to accrue on the account balance until paid in full by Mr. Serringer. Mr. Serringer acknowledges that he is solely responsible for the repayment of the amount due Central Hudson at time of payment in full on the account in arrears as above set forth and hereby holds Susannah Serringer harmless and hereby indemnifies her on account of any liability in payment due Central Hudson on the account arrears.

4.5    **Liability for Mortgage Debts:**    The party entitled to sole ownership of a parcel of real property under this Agreement shall have no right to seek contribution from the other party with regard to any mortgage debts, real property taxes or other obligations relating to such real property. The parties are not obligating themselves to indemnify or hold the other party harmless from any claims of the existing mortgage holders or their successors or assigns.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

## ARTICLE 5: PENSIONS & EMPLOYEE BENEFITS

5.1    **Knowledge of Plans:**    Each party represents that he/she does not hold any interest in a pension plan as a result of any employment during the marriage. Accordingly, no provision for the distribution of pension rights is made in this Agreement. Each party represents that they do not have any retirement accounts of any nature whatsoever.

## ARTICLE 6: MAINTENANCE

6.1    **Knowledge of Claims:**    The parties acknowledge that they have been advised of their respective rights to claim maintenance from each other.

6.2    **Mutual Waiver:**    The parties mutually waive any claim to receive maintenance from each other.

6.3    **Statutory Factors:** In determining the amount and duration of any maintenance payment to be made by either party to the other, the parties have considered the following factors:

A. The income and property of the respective parties, including the distribution of marital property provided for in this Agreement or which might have otherwise been awarded by any court of competent jurisdiction;

B. The duration of the marriage and the age and health of both parties;

C. The present and future capacity of the parties to be self-supporting;

D. The period of time and training necessary to enable the person having need to be self-supporting;

E. The presence of children of the marriage, if any, in the respective homes of the parties;

F. The standard of living established during the marriage to the extent practical and relevant;

G. The tax consequences to each party;

\TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

H. The contributions and services of the party requiring maintenance as a spouse, parent, wage earner and homemaker, and to the career and career potential of the other;

I. The wasteful disposition of family assets, if any, by either party;

J. Any additional factors outlined at Domestic Relations Law §236(5-b) (E); and

K. Any other factor which the parties have deemed to be just and proper under the circumstances of their marriage and its future dissolution.

6.4    **Notice of the Provisions of DRL §236(5-a):**    The parties acknowledge that pursuant to Domestic Relations Law §236(5-a), a validly executed agreement or stipulation entered into by the parties must include a provision stating that the parties have been advised of the provisions of Domestic Relations Law §236(5-a), and that the presumptive award provided for therein results in the correct amount of temporary maintenance, and that they consent to incorporation of any provisions made in this agreement within any subsequent divorce judgment to be entered notwithstanding the provisions of Domestic Relations Law §236(5-b). The parties further acknowledge that based upon their best understanding of the implementation of Domestic Relations Law §236(5-b), the probable temporary maintenance obligation of the payor spouse were the guidelines established by Domestic Relations Law §236(5-b) to be applied would be $0 per month, based upon the parties having comparable earning capacities.

6.5    **Fairness of Agreement:**    The parties' waiver of maintenance is just and appropriate in light of the terms and conditions set forth herein.

## ARTICLE 7: CUSTODY

7.1    **Joint Custody:**    The parties shall have joint legal custody of their minor children. The WIFE shall have primary physical custody of the children. The WIFE shall consult with the HUSBAND regarding major decisions to be made relating to

TCHLY & SIMONSON
ATTORNEYS AT LAW
ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

the children except in the case of an emergency when consultation is not reasonably possible.    After such consultation and after considering the HUSBAND'S recommendations, if any, the WIFE shall have final decision making authority.

7.2    **Cooperation:**    The parties agree that the welfare and best interests of the children are their primary concern and that they, as parents, wish to cooperate with each other in all matters affecting the well-being of their children.  Each party agrees to exert every effort to maintain free access and unhampered contact between the children and the other parent, and to do nothing that might estrange the children from either parent, including not making any disparaging statements about the other parent or the child's therapist to or in front of the children.

7.3    **Consultation:**    The parties shall consult with each other on all important questions affecting the health, welfare, religious training, upbringing and education of the children, including the choice of schools and camps, and shall notify each other in the event of any serious accident or illness of the children and shall keep each other notified of the whereabouts of the children.  Each parent shall be entitled to complete, detailed information from any and all school personnel, health care providers, dentist, consultant or specialist attending the children for any reason whatsoever and to be furnished with copies of any reports given by them.  In the event of illness or accident, the parent so notified shall have the right to visit with the child in any medical institution to which the child may be admitted.  Both parties shall be entitled to attend parent-teacher conferences, plays, recitals, sporting events and other events involving the children to which parents are generally invited.  Both parties will be listed as persons to be contacted in an emergency with the schools attended by the children.

7.4    **Parental Access Time of HUSBAND:** The HUSBAND shall have physical custody of the children during alternate weekends from 5:00 p.m. Friday to 7:00 p.m. Sunday.  In the event that a Federal holiday that is always celebrated on a

\TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

17

Monday falls on a Monday following a weekend visitation of the HUSBAND, the HUSBAND'S visitation shall extend to 7:00 p.m. Monday.

7.5    **Holiday Visitation:** ;  In addition to the other visitation set forth herein, the respective parties shall have physical custody during alternating holidays, to wit: Easter Sunday (9:00 a.m. until 7:00 p.m.), July 4th (9:00 a.m. until 7:00 p.m.), Thanksgiving (defined as commencing at 5:00 p.m. on the Wednesday preceding Thanksgiving Day and continuing until Sunday at 5:00 p.m.), Christmas Eve (defined as beginning at noon on December 24th and concluding at noon on December 25th) and Christmas Day (defined as beginning at noon on December 25th and concluding at noon on December 26th). Whoever has the children on Thanksgiving shall <u>not</u> have them on Christmas Eve through Christmas morning. The HUSBAND shall have the children on July 4th, 2015 and during the Thanksgiving Holiday 2015. The Wife shall have the children on Christmas Eve 2015. The HUSBAND had the children for Easter, 2015. Therefore, the WIFE shall have the children Easter, 2016. The parties shall alternate Thanksgiving recess from year to year with one parent having it one year and the other parent having it the following year and alternating year to year thereafter.

7.6    **Winter and Spring School Recess Periods:** Except with regard to Christmas Eve; Christmas Day and Easter Day, the parties agree to the following timeshare regarding School Recess Periods:  In the year 2015, the Wife shall have the children during the Winter Recess and the Husband shall have the children during the Spring Recess.  In the year 2016, the Husband shall have the children during the Winter Recess and the Wife shall have the children during the Spring Recess.  No party shall have both the Winter and Spring recesses with the children in any given year. The parties shall alternate School Recesses thereafter from year to year.   The parties agree to cooperate with each other in the scheduling of any vacations with the children during any School Recess in order to ensure compliance

HLY & SIMONSON
ORNEYS AT LAW
CADEMY STREET
P.O. BOX 280
TZ, NEW YORK 12561

with the above set forth holiday schedule. The holiday schedule shall supersede any vacation plans either party wishes to schedule with the children during school recesses unless the parties agree otherwise in advance and in writing.

7.7    **Mother's/Father's Day:**    Notwithstanding anything herein to the contrary the Mother shall have the children each Mother's Day and the Father shall have the children each Father's Day (both days 9:00 a.m. until 7:00 p.m.).

7.8    **Mid-Week Access:**    The HUSBAND shall have visitation/physical custody of the children on Wednesday evening each week from 5:00 p.m. until 7:30 p.m., or on such alternate mid-week day as they may mutually agree upon. In the event the HUSBAND'S work schedule permits him to do so, he shall have the right to pick the children up from school and commence his Wednesday visitation at that time, provided reasonable advance notice is given to the WIFE.

7.9    **Summer Vacation Time:** Each party shall have the right to two non-consecutive weeks of vacation time with the children during the summer recess period from school. In even numbered years the WIFE and in odd numbered years the HUSBAND shall have the first right to select vacation time. The party with the first right of selection shall advise the other party of the dates selected by March 1 preceding the summer vacation time. The other party shall then communicate his/her vacation dates by March 15.

7.10    **Transportation:**    The HUSBAND shall be responsible for providing transportation for the children during his mid-week custodial time. For all other custodial exchanges, the party commencing custodial time shall provide the transportation.    When the HUSBAND is responsible for transportation, the exchange of the children shall take place in the parking lot next to the Starbucks Coffee store in New Paltz, except that on Wednesdays when the WIFE is working and she has arranged for child care at her residence, the HUSBAND shall deliver the children to the WIFE'S residence by stopping at the end of the WIFE'S

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

driveway nearest the street, and letting the children out. The HUSBAND shall not approach the WIFE'S residence and he shall stay in his vehicle. When the WIFE is responsible for transportation, the exchange of the children shall take place at his residence (currently 59 South Main Street, Harriman, New York) and the WIFE shall remain in her vehicle.

7.11 **Communication Between the Parties:** The parties shall communicate with each other only with regard to the children. These communications shall be conducted via text messaging and email. Each party shall at all times provide the other party with a cell phone number and email address to facilitate such communications.

7.12 **Telephone and Email Contact with the Children:** Each party shall have the right to telephone, email and texting contact with the children at reasonable times when the children are in the physical custody of the other party. When traveling with the children outside of New York State, the party not travelling with the children shall be advised as to the places where the children will be staying, and a reasonable means of communication with the children shall be provided.

7.13 **Alcohol Use:** The HUSBAND acknowledges that the WIFE has raised concerns regarding his use of alcohol when he is caring for the children. The HUSBAND has denied that any concern should exist regarding his use of alcohol. To address this issue, the HUSBAND shall not consume any alcoholic beverages twelve hours before or during any custodial time he shall have with the children. The parties acknowledge that the terms of this Agreement will be incorporated but not merged into a Judgment of Divorce to be issued by the Court in their pending matrimonial action. In the event the HUSBAND shall obtain an alcohol evaluation of himself performed by a Certified Alcoholism Counsellor ("CAC"), and such CAC recommends that the HUSBAND does not require alcohol treatment or counselling, the HUSBAND shall have the right to apply to the Court to remove the

TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

restriction on alcohol use set forth in this paragraph. Upon the Court ruling that the HUSBAND does not require alcohol treatment or counselling, the restriction set forth in this paragraph shall no longer be applicable.

7.14    **Passports:**    The parties will each sign any documents reasonably required to permit the children to obtain and maintain valid United States Passports. The respective parties shall each be entitled to take possession of such Passports when travelling internationally with the children. The WIFE shall take and maintain possession of the passports upon issuance thereof. The passports shall be exchanged between the parties at least ten (10) days prior to the date of departure of the travel with the children.

7.15    **Modification of Custodial Time:**    The parties acknowledge that the children's activities, inclement weather and special events may render it advisable to modify the custodial schedule set forth herein from time to time. The parties shall endeavor to agree upon a modification of the schedule when these events occur, and provide compensatory time to the party who shall forego time with the children as a result of the modification. Nothing herein shall prevent the parties from having such other, further or different custodial time as they may agree upon from time to time.

## ARTICLE 8: SUPPORT

8.1    **CSSA:**    The parties acknowledge that they have been advised of the child support provisions established by the Child Support Standards Act, and that such provisions would presumptively result in the correct amount of child support to be awarded, and that they consent to incorporation of any support provisions made in this agreement within any subsequent divorce judgment to be entered notwithstanding the provisions of such Act. The parties further acknowledge that based upon their best understanding of the implementation of the Child Support Standards Act, the gross income of the non-custodial parent and any other factors

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

relevant to child support determination, the probable child support obligation of the non-custodial parent were the guidelines established by such Act to be applied would be $1,096.00 per month. This calculation is based upon the following information:

| | |
|---|---|
| Gross annual income of non-custodial parent: | $57,116.12 |
| Deduction for FICA: | $ 4,369.38 |
| Net Income for support purposes: | $52,746.74 |
| Applicable Percentage: | 25% |
| Monthly Support Amount Pursuant to CSSA: | $1,096.00 |

8.2    **Child Support Agreed To:**    The HUSBAND agrees to pay to the WIFE as support for the issue of the marriage the sum of $1,096.00 per month, commencing on November 1, 2014 and continuing on the first day of each month thereafter. This support shall continue until emancipation of the children, as defined herein, at which time support for the emancipated child shall terminate. Upon emancipation of one of the children of the parties, should other children remain unemancipated, child support shall be computed for such remaining children based upon application of the Child Support Standards Act to the then current income of the non-custodial parent. The WIFE acknowledges that the HUSBAND is current in his basic child support obligation under this Agreement through June, 2015. The child support shall be paid through the Ulster County Support Collection Unit, effective upon execution of this Agreement or such other Support Collection Unit as designated by the WIFE.

8.3    **Extracurricular Activities of the Children:** As long as the children so desire, the parties will continue to enroll the children in the extracurricular activities in which they are engaged as of the date of this Agreement. The parties shall each pay one-half of the cost of these extracurricular activities. The parties shall equally pay the cost of any additional extracurricular activities involving the children,

TC HLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

provided that the parties shall agree upon the children engaging in such activities, with reasonable consent not to be withheld. The parties acknowledge that it is in the best interests of the children to remain active in extracurricular activities to a reasonable degree. The parties acknowledge Harper will participate in theatre for the 2015 summer.

8.4    **Emancipation:**    Emancipation shall be defined as the first of the following events to occur:

> Marriage of the child
>
> Death of the child
>
> Entry of the child into the military services
>
> The child attaining the age of twenty-one years
>
> The child obtaining full-time employment and residing away from the residence of the custodial parent, provided that employment by a child during school recess periods while the child is a matriculated student engaged in a full time course of study shall not be deemed an emancipation event.

8.5    **Modification of Support:**    The parties acknowledge that FCA §451 and DRL §236(B)(9)(b), effective October 13, 2010, provide that an order of child support entered on or after such effective date, including an order incorporating without merging an agreement or stipulation of the parties, may be modified: (a) upon a showing of a substantial change in circumstances; or (b) where three (3) years have passed since the order was entered, last modified or adjusted; or (c) there has been a change in either party's gross income by fifteen percent (15%) or more since the order was entered, last modified or adjusted.

In addition, any divorce Judgment entered between the parties providing for support to be payable through the Support Collection Unit shall contain the following statutory language relative to COLA adjustment of the support obligations of the parties:

TCHLY & SIMONSON
TTORNEYS AT LAW
ACADEMY STREET
P.O. BOX 280
'ALTZ, NEW YORK 12561

(1) THIS ORDER OF CHILD SUPPORT SHALL BE ADJUSTED BY THE APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER THIS ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED, UPON THE REQUEST OF ANY PARTY TO THE ORDER OR PURSUANT TO PARAGRAPH (2) BELOW. UPON APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT, AN ADJUSTED ORDER SHALL BE SENT TO THE PARTIES WHO, IF THEY OBJECT TO THE COSTS OF LIVING ADJUSTMENT, SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE DATE OF MAILING TO SUBMIT A WRITTEN OBJECTION TO THE COURT INDICATED ON SUCH ADJUSTED ORDER. UPON RECEIPT OF SUCH WRITTEN OBJECTION, THE COURT SHALL SCHEDULE A HEARING AT WHICH THE PARTIES MAY BE PRESENT TO OFFER EVIDENCE WHICH THE COURT WILL CONSIDER IN ADJUSTING THE CHILD SUPPORT ORDER IN ACCORDANCE WITH THE CHILD SUPPORT STANDARDS ACT.

(2) A RECIPIENT OF FAMILY ASSISTANCE SHALL HAVE THE CHILD SUPPORT ORDER REVIEWED AND ADJUSTED AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER SUCH ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED WITHOUT FURTHER APPLICATION BY ANY PARTY. ALL PARTIES WILL RECEIVE A COPY OF THE ADJUSTED ORDER.

(3) WHERE ANY PARTY FAILS TO PROVIDE AND UPDATE UPON ANY CHANGE, THE SUPPORT COLLECTION UNIT WITH A CURRENT ADDRESS, AS REQUIRED BY SECTION TWO HUNDRED FORTY-B OF THE DOMESTIC RELATIONS LAW, TO WHICH AN ADJUSTED ORDER CAN BE SENT, THE SUPPORT OBLIGATION AMOUNT CONTAINED THEREIN

\TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

SHALL BECOME DUE AND OWING ON THE DATE THE FIRST PAYMENT IS DUE UNDER THE TERMS OF THE ORDER OF SUPPORT WHICH WAS REVIEWED AND ADJUSTED OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THE ADJUSTED ORDER, REGARDLESS OF WHETHER OR NOT THE PARTY HAS RECEIVED A COPY OF THE ADJUSTED ORDER.

8.6     **Child Care/Medical Expenses:**   In addition to the support set forth above, the parties agree that any child care expenses and/or medical expenses not reimbursed by insurance shall be equally divided between the parties.

8.7     **College Expenses of Children:**   Either party shall have the right to apply to a court of competent jurisdiction for a determination as to the obligations of the respective parties to contribute to the college education expenses to be incurred for the children. The determination of the court as to the parties' respective obligations shall be based upon their financial circumstances existing at the time the application is made and the children are attending college or will be doing so within a year. The aggregate obligation of the parties will be limited to the cost of an education through the State University of New York at the Albany campus. The children will be encouraged to obtain scholarships and grants to reduce the obligation of the parties for contribution to college expenses. The children are encouraged by both parties to attend college.

## ARTICLE 9: INSURANCE

9.1     **Medical Coverage for Parties:** Each party shall be responsible for maintaining their own health insurance. Pursuant to Domestic Relations Law §255, each of the parties expressly acknowledges that upon the issuance of a Divorce Judgment or Decree, they may no longer be allowed to receive health coverage under their former spouse's health insurance plan. They may be entitled to purchase health insurance on his/her own through a COBRA option, if available, otherwise he/she may be required to secure their own health insurance.

'CHLY & SIMONSON
TTORNEYS AT LAW
ACADEMY STREET
P.O. BOX 280
ALT2, NEW YORK 12561

9.2 **Medical Coverage for Children:** The WIFE shall apply for medical insurance for the children through the New York State Child Health Plus program or such other or different program that may provide the children with coverage at a reasonable cost. The cost of providing such health insurance coverage solely for the children shall be equally paid by the parties, to the extent the cost exceeds the cost of the coverage of a parent.

9.3 **Life Insurance:** Until such time as both of the parties' children are emancipated, the HUSBAND shall maintain in full force and effect a policy of term life insurance on his life with a death benefit of at least $125,000.00 through an insurance company authorized to do business in New York. The WIFE shall be named as beneficiary as Trustee for the children. The HUSBAND shall timely make all premium payments required to maintain such coverage. Upon request made by the WIFE from time to time, proof shall be supplied by the HUSBAND of his compliance with this paragraph. In addition, the HUSBAND shall provide the WIFE with any authorizations reasonably required by her to obtain independent confirmation of compliance directly from the insurance carrier.

## ARTICLE 10: DEBTS

10.1 **Marital Debts:** The parties acknowledge that they now have the following marital debts:

    a) mortgage debt held by M&T Bank in the approximate amount of $430,000.00 and encumbering the 360 Springtown Road, New Paltz, New York property;

    b) mortgage debt held by Wells Fargo Bank in the approximate amount of $172,000.00 and encumbering the 362 Springtown Road, New Paltz, New York property;

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

c)      first mortgage debt held by Bank of America in the approximate amount of $32,000.00 and a home equity line of credit second mortgage debt held by Wells Fargo in the approximate amount of $98,000.00 and encumbering the 37 Furnace Street, Kingston, New York property;

d)      mortgage debt held by Philippe F. Cosme in the approximate amount of $85,000.00 and encumbering the 219 Downs Street, Kingston, New York property.

e)      debt in the name of the HUSBAND to Wells Fargo Dealer Services approximate amount of $12,000.00 and encumbering the 2008 Volvo automobile.

f)      debt in the name of North River Studios, Inc. to American Express in the amount of approximately $3,900.00;

g)      debt in the name of North River Studios, Inc. to Capital One Bank in the approximate amount of $13,000.00;

h)      debt in the name of North River Studios, Inc. to Wells Fargo Bank (overdraft loan) in the amount of approximately $5,000.00.

10.2    **Debts Not Assumed:**      Neither party is obligated to indemnify or hold the other party harmless from the existing debts described in paragraph 10.1 of this Agreement.

10.3    **Future Debts:**      The parties agree that neither party shall henceforth incur or attempt to incur any debt, charge or obligation for which the other party would be responsible.

10.4    **Indemnification:**      With respect to any debt incurred by a party after the date of this Agreement, the party assuming such debt agrees to indemnify and hold harmless the other party from any liability from such creditor, including the costs and expenses (including legal fees) of any legal proceedings commenced against the indemnified party by the creditor.

## ARTICLE 11: TAXES

11.1    **Division of Refunds:**    The parties agree to equally divide any state or federal tax refund due as the result of any joint tax return filed or to be filed. This shall not be construed as an obligation on the part of either party to hereafter file a joint income tax return.

11.2    **Dependency Exemption:**    The parties agree that the HUSBAND shall be entitled to claim the parties' daughter HARPER as a dependent deduction for income tax purposes and the WIFE shall be entitled to claim the parties' son HENRY as a dependent deduction. At such time as the only one child remains available as a dependent deduction, the HUSBAND in even numbered years and the WIFE in odd numbered years shall be entitled to declare the child as a dependent deduction. Notwithstanding anything herein to the contrary, in the event the HUSBAND shall be more than seven days late in the payment of his child support obligation two or more times in any calendar year, the HUSBAND shall not be entitled to claim either child as an income tax deduction for that year. In the further event that a party claims a child as a deduction in any calendar year when not permitted to do so under this Agreement, the amount of any tax that the other party is required to pay due to such wrongful conduct, together with all penalties and interest charged thereon, shall be reimbursed by the party who was not entitled to the deduction to the other party. In the event the WIFE shall not elect to have child support paid through the Support Collection Unit, she shall designate an account at a bank that is reasonably convenient to the parties for the purpose of allowing the HUSBAND to directly deposit the child support payments and thereby have an independent means of verifying the date when support payments are deposited.

11.3    **Taxes, Penalties or Interest Due on any Joint Return:**    In the event it is determined that any tax, penalty or interest has been or will be assessed by reason of any joint income tax return filed by the parties, and in the further event that such

ITCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

28

tax, penalty or interest is or will be assessed by reason of the failure of a party to pay adequate withholding or estimated taxes as apportioned upon his or her income, or by reason of the disallowance of a deduction claimed in connection with a business operated by one of the parties, the party who underpaid taxes or who operated said business shall be solely responsible for the payment of the tax, penalty or interest due.

11.4   **Records Relating to North River Properties, LLC and North River Studios, Inc.:**     Pursuant to this Agreement, the WIFE shall become the sole member of North River Properties, LLC and the HUSBAND shall become the sole shareholder of North River Studios, Inc.  Notwithstanding the transfer of these ownership interests, the parties acknowledge that the business affairs of these entities prior to the date of the transfer of the ownership interests may have tax consequences to the respective parties.  Each party shall be entitled to copies of all records relating to the business affairs of both North River Properties, LLC and North River Studios, Inc. to the extent reasonably required for each party to timely prepare his/her respective income tax returns for 2014, or to deal with any issues that now exist or may hereafter come to the attention of a party with regard to any tax year prior to 2014.

11.5   **Tax Advice Not Provided by Counsel:** Each party has been informed by his/her attorney that said attorneys do not provide income tax advice.  Each party acknowledges that he/she has been advised to consult with an independent certified public accountant to determine the tax consequences that may be incurred as a result of entering into this Agreement.  The parties represent that they have entered into this Agreement based upon the advice of their independent tax professional (or have waived their right to do so) and have not relied upon any advice given by his/her attorney relating to the tax consequences of this Agreement.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

11.6   **Cooperation:**      The parties agree to cooperate in executing any tax returns, checks or other documents necessary in order to accomplish the intent of this Article.

## ARTICLE 12: ESTATES

12.1   **Waiver of Fiduciary Rights:**      Each party hereby irrevocably releases, waives and relinquishes any and all present and future rights under the present and future laws of any jurisdiction or under any will or testamentary writing now or hereafter in existence to share in and to act as executor or administrator or trustee of the estate of the other party.  Each party waives any right or interest they may have as a beneficiary under the Last Will and Testament of the other party, or to receive any inheritance under the laws of intestate distribution by reason of their marital relationship to the other party.

12.2   **Waiver of Elective Share:**      This Article shall constitute a mutual waiver of any right of election contained in Article 5 of the Estates, Powers & Trusts Law of New York State, and of any similar rights contained in any other statute.

12.3   **Subsequent Wills:** This Article shall not prevent either party from henceforth making a testamentary bequest to the other by means of a will executed subsequent to this agreement.

## ARTICLE 13: DEFAULT

13.1   **Consequences of Default:**      In the event that either party defaults in the performance of any obligation imposed by this agreement, and such default is not remedied within ten days of the sending of notice of such default by certified or registered mail, the defaulting party agrees to indemnify the other party and to reimburse him or her for any and all costs, expenses and attorney fees resulting from

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

or made necessary by the bringing of any suit or other proceeding to enforce any of the terms or conditions of this agreement.

## ARTICLE 14: DISCLOSURE

14.1   **Acknowledgement of Full Disclosure:**   This agreement has been entered into after full mutual disclosure of the income, assets and liabilities of the parties.

## ARTICLE 15: REPRESENTATION

15.1   **Right to Independent Representation:**   Each party has been fully advised, and is aware of, their right to independent legal representation in connection with the execution and negotiation of this agreement.

15.2   **Attorney for HUSBAND:** The HUSBAND has been represented by Blatchly & Simonson, P.C.

15.3   **Attorney for WIFE:**   The WIFE has been represented by Jacqueline T. Martin, PLLC.

## ARTICLE 16: ORDER OF PROTECTION

16.1   **Consent to Order of Protection:**   The parties consent to the issuance of an Order of Protection by the Court in the parties' pending matrimonial action. The Order of Protection shall expire two years after the date of this Agreement, and shall require that the HUSBAND (a) stay away from the residence of the WIFE except when returning the children after the conclusion of his custodial time as contemplated by this Agreement, (b) stay away from the WIFE, except during custodial exchanges or when attending parent-teacher conferences, plays, recitals, sporting events and other events involving the children to which parents are generally invited, (c) refrain from assault, stalking, harassment, aggravated

.TCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion or any criminal offense against the WIFE. The Order of Protection shall not restrict the full exercise by the HUSBAND of his custodial rights under this Agreement. An Order of Protection in conformance with 16.1 shall be submitted to the Honorable Michael H. Melkonian simultaneously with the execution of this Agreement, on consent of both parties.

16.2    **Town of New Paltz Court:**    Upon    this    Agreement    being    fully executed, the WIFE shall notify the prosecutor of the charges pending against the HUSBAND in the Town of New Paltz Justice Court that she requests that the charges be adjourned in contemplation of dismissal without further conditions.

## ARTICLE 17: OTHER PROVISIONS

16.1    **Independent Enforcement:**    Each of the respective rights and obligations of the parties pursuant to this agreement shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

16.2    **Invalidity of Provisions:**    Invalidity or unenforceability of any provision of this agreement shall not affect the validity of any other provision of the agreement.

16.3    **Modification of Agreement:**    This agreement may be modified only by a writing subscribed by the party to be charged.

16.4    **Waiver of Provisions of Agreement:**    Waiver of the strict enforcement of any provision of this agreement shall not be deemed to constitute a waiver of any other provision of the agreement, or of the right to strictly enforce the provision waived at a later time.

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

16.5   **Law to Apply:**   This agreement shall be construed pursuant to the laws of the State of New York.

16.6   **Changes in Address:**   The parties shall keep each other advised of any changes in their addresses so long as there are unemancipated issue of the marriage.

16.7   **Further Documents:**   The parties shall promptly execute and deliver any and all other and further instruments as may be necessary from time to time in order to implement the provisions of this agreement.

16.8   **Domestic Relations Law §253:**   The parties each represent that he/she has, to the best of his/her knowledge, taken all steps solely within his or her power to remove all barriers to the other party's remarriage following the granting of a divorce or annulment. This statement is made under oath, in compliance with the requirements of Domestic Relations Law §253.

16.9   **Domestic Relations Law §255:**   Pursuant to Domestic Relations Law §255, each of the parties states:

> **I fully understand that upon the entrance of this divorce agreement, I may no longer be allowed to receive health coverage under my former spouse's health insurance plan. I may be entitled to purchase health insurance on my own through a COBRA option, if available, otherwise I may be required to secure my own health insurance.**

IN WITNESS WHEREOF, the parties have set their hands on the dates indicated below.

_____        _____
NEAL SERRINGER                                    SUSANNAH SERRINGER

ATCHLY & SIMONSON
ATTORNEYS AT LAW
3 ACADEMY STREET
P.O. BOX 280
PALTZ, NEW YORK 12561

STATE OF NEW YORK      )
COUNTY OF ULSTER      )ss:

On the __22__ day of __JuNE_____, 2015, before me, the undersigned, a Notary Public in and for said State, personally appeared NEAL SERRINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals(s) whose name(s) is (are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Jon A Simonson
Notary Public, State of New York
No. 02SI4717016
Resident in and for Ulster County
Commission Expires May 31, 2018

STATE OF NEW YORK      )
COUNTY OF ULSTER      )ss:

On the __1st__ day of __July_____, 2015, before me, the undersigned, a Notary Public in and for said State, personally appeared SUSANNAH SERRINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals(s) whose name(s) is (are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

DANIELLE ERICA STRAUCH
Notary Public, State of New York
Reg. No. 02ST6262645
Qualified in Westchester County
Commission Exp: May 29 2016

## SCHEDULE A

Personal Property Items to be Received by HUSBAND:
-handmade drafting table  (to be sold)
-dump trailer -- full "as is"
-generator
-L.P. gas heater
-tow bar
-tools in barn
-ladders
-all terrain vehicle
-wedding ring of HUSBAND
-personal and business papers,

Personal Property Items to be Received by WIFE:
-contents of marital residence except property items to be received by HUSBAND

.TCHLY & SIMONSON

ATTORNEYS AT LAW

3 ACADEMY STREET

P.O. BOX 280

PALTZ. NEW YORK 12561

Index No. 2013-0886

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF ULSTER

SUSANNAH SERRINGER

                                                    Plaintiff

-*against*-

NEAL SERRINGER

                                                    Defendant



FILED
H    M
NOV 24 2015
NINA POSTUPACK
ULSTER COUNTY CLERK

### DIVORCE JUDGMENT

## BLATCHLY & SIMONSON, PC
### Attorneys for Defendant
3 Academy St., PO Box 280
New Paltz, NY 12561-0280
845-255-4600

*Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the Court of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom, and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.410a*

Dated: _____    Signature: _____
                                                    Jon A. Simonson, Esq.

*Service of a copy of the within*                                    *is hereby admitted.*

Dated: _____    Signature: _____
                                                    Attorney for: _____

## PLEASE TAKE NOTICE:

☐    __NOTICE OF ENTRY__: That the within is a (certified) true copy of a
     Entered in the office of the clerk of the within named Court on

X    __NOTICE OF SETTLEMENT__: That a Divorce Judgment, of which the within is a
true copy will be presented for settlement to the Hon. Michael H. Melkonian, one of the
Judges of the within-named Court, on November 10, 2015.

Dated:  October 27, 2015          To:    Jacqueline T. Martin, Esq.
                                         Attorney for: Plaintiff Susannah Serringer

                                  To:    Marion Cocose, Esq.
                                         Attorney for: Minor Children

Index No. 2013-0886

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

==================================================================

SUSANNAH SERRINGER

Plaintiff

*-against-*

NEAL SERRINGER

Defendant

==================================================================

### DIVORCE JUDGMENT

==================================================================

## BLATCHLY & SIMONSON, PC
Attorneys for Defendant
3 Academy St., PO Box 280
New Paltz, NY 12561-0280
845-255-4600

==================================================================

*Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the Court of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom, and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.410a*

Dated: _____    Signature: _____
Jon A. Simonson, Esq.

==================================================================

*Service of a copy of the within*                              *is hereby admitted.*

Dated: _____    Signature: _____
Attorney for: _____

==================================================================

### PLEASE TAKE NOTICE:
X    **NOTICE OF ENTRY**: That the within is a true copy of a Divorce Judgment
Entered in the office of the clerk of the within named Court on November 24, 2015

☐    **NOTICE OF SETTLEMENT**: That a                    of which the within is a
true copy will be presented for settlement to the Hon.                    , one of the
Judges of the within-named Court, on

_____

Dated:  December 1, 2015               To:    Jacqueline T. Martin, Esq.
                                       Attorney for: Plaintiff Susannah Serringer

                                       To:    Marion Cocose, Esq.
                                       Attorney for: Minor Children